IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LATASHA OWENS, et al., ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:20-CV-2798-E-BH |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

The *pro se* plaintiff filed this action against various federal correctional officers on behalf of herself and another individual on September 8, 2020.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated September 9, 2020, she was notified that she could not bring this *pro se* case on behalf of the other individual, and that if she wished to pursue any claims on her own behalf, she must file an amended complaint that sets out only her own personal claims.  (*See* doc. 4.)  The notice also advised that she had not either paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP).  (*See id.*)  An IFP application was included with the order. (*See id.*)  The order specifically advised the plaintiff that she must file her amended complaint and either pay the filing fee or file her IFP application within fourteen days, and that a failure to do so could result in the dismissal of this case.  *Id.*  More than fourteen days from the date of the order have passed, but the plaintiff has not filed an amended complaint and paid the filing fee or filed an IFP application, and she has not filed anything else.

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with the order that she file an amended complaint and pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case.  Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files an amended complaint and either pays the filing fee or submits a completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 23rd day of November, 2020.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE